| | |
|---|---|
| 1  ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney<br>2  PAMELA T. JOHANN (CABN 145558)<br>Chief, Civil Division<br>3  AUDREY PAK (CABN 299991)<br>Assistant United States Attorney<br>4<br>5  450 Golden Gate Avenue, 9th Floor<br>San Francisco, CA 94102-3495<br>Telephone: (415) 436-6838<br>6  FAX: (415) 436-6748<br>Audrey.Pak@usdoj.gov | **FILED**<br><br>Jan 13 2025<br><br>Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO |

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*<br>TAXPAYERS AGAINST FRAUD LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>HUMANGOOD NORCAL CORP, et al,.<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 24-cv-6344-AGT<br><br>***EX PARTE* REQUEST FOR PARTIAL LIFT OF THE SEAL AND [PROPOSED] ORDER**<br><br>**FILED UNDER SEAL** |

The United States of America hereby requests that this Court partially lift the seal in the above-captioned *qui tam* matter so that, at its discretion, the United States may disclose the existence of this *qui tam* suit and the allegations raised by Relator Taxpayers Against Fraud LLC ("Relator") against Defendants HumanGood NorCal Corp., HumanGood SoCal Corp., HumanGood Nevada Corp., HumanGood Idaho Corp., HumanGood Pennsylvania Corp., HumanGood Fresno Corp., HumanGood Arizona Inc., and HumanGood Washington Corp. (collectively, "Defendants") and provide a copy of the complaint and any amended complaints subsequently filed (or partially redacted copies thereof) to (1)

relators and their counsel in *qui tam* actions against any defendant named in this action pending in other federal jurisdictions; and (2) courts where such matters are or may be pending. This application is based on the following facts:

    1.    This request is being filed *ex parte* pursuant to Civil L.R. 7-10 and the FCA, 31 U.S.C. §§ 3729-3733, and is not being served on Defendants because the matter currently remains under seal pursuant to the FCA. This filing is also not being served on the Relator, its members, or its counsel because to do so would alert them to the potential existence of other sealed *qui tam* actions before the United States has permission from those courts to partially lift the seal on those actions, and before the United States could disclose the existence of Relator's action to the relators that may have filed those other *qui tam* complaints. With the grant of this request to partially lift the seal on this case, as well as the grant from other courts in those other potential pending matters, the United States intends to disclose this action and any other potential pending actions to any and all relators simultaneously.

    2.    Relator filed this case on September 10, 2024, under the *qui tam* provisions of the FCA. Among other things, the FCA's *qui tam* provisions authorize private parties (known as relators) to file lawsuits alleging FCA violations on behalf of the United States. 31 U.S.C. § 3730(b). In this case, the Relator alleges that Defendants violated the FCA by, *inter alia*, seeking and obtaining loans and loan forgiveness under the Small Business Administration's Paycheck Protection Program (PPP) despite being ineligible for such loans due to their employee count and lack of economic necessity.

    3.    Other *qui tam* lawsuits, filed under the federal False Claims Act and under separate state False Claims Act statutes, may have been filed against one or more Defendants in this action. The United States submits that allegations in those actions may be similar to, or in fact overlap with, some of the allegations contained in the present case. To the extent that any such other actions are pending, the United States submits this application so that, at the discretion of the United States, the United States may disclose the allegations raised by Relator and provide a copy of the Complaint and any amended complaints subsequently filed to relators and their counsel in *qui tam* actions against any Defendants pending in other federal judicial districts and courts in which such other matters may be pending.

    4.    Providing the complaints to the relators in each action will enable the United States to discuss the various allegations with all of the relators, and will enable the relators to discuss with each

other whether the allegations in their cases overlap and implicate the first-in-time rule of 31 U.S.C. § 3730(b)(5).

DATED: January 13, 2025

Respectfully submitted,
ISMAIL J. RAMSEY
United States Attorney

 *s/ Audrey Pak*
AUDREY PAK
Assistant United States Attorney

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General

JAMIE ANN YAVELBERG
ALLISON CENDALI
EVAN BALLAN
Attorneys, Commercial Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
(202) 616-3068
evan.j.ballan@usdoj.gov

*Attorneys for United States of America*

**[PROPOSED] ORDER TO PARTIALLY LIFT THE SEAL**

IT IS HEREBY ORDERED THAT:

The seal in this case shall be partially lifted to allow the United States, at its discretion, to discuss this *qui tam* suit and to provide a copy of the complaint and any amended complaints subsequently filed (or partially redacted copies thereof) to (1) relators and their counsel in *qui tam* actions against Defendants pending in other federal judicial districts and (2) courts in which such matters are or may be pending.

IT IS SO ORDERED.

DATED:_____

                                      HON. ALEX G. TSE
                               United States Magistrate Judge